```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
GLADYS RESTO,
                         Plaintiff,              05-CV-6350T
v.                                               DECISION
                                                 And ORDER
JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff, Gladys Resto ("Resto" or "plaintiff") filed this action seeking review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. § 1382, 1382c(a). Jurisdiction to review the Commissioner's decision arises under 42 U.S.C. § 405(g). On April 17, 2006 Resto moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On March 16, 2006 the Commissioner moved for reversal and remand of the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Commissioner's motion for reversal and remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g) is granted.

## PROCEDURAL HISTORY

The plaintiff filed an application for SSI benefits on March 9, 2001 alleging disability due to a herniated, bulging, and

slipped disk. (Tr. 118).[1] This application was denied. (Tr. 39-42). Plaintiff thereafter requested a hearing which was held on September 17, 2003 before Administrative Law Judge James E. Dombeck, who considered the case de novo and on January 21, 2004, found that the plaintiff was not disabled. (Tr. 65-76). The ALJ denied Resto's claim of disability because her medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4, and that she had an exertional capacity for sedentary work. (Tr. 75).

On January 29, 2004 the plaintiff, through her representative, filed a timely Request for Review with the Appeals Council and on May 14, 2004 the Appeals Council vacated the ALJ's decision and remanded the claim for another hearing. (Tr. 85-88). On January 12, 2005 plaintiff was given another hearing before ALJ Dombeck (Tr. 579-616) and on February 18, 2005 the ALJ again found that the plaintiff was not disabled. (Tr. 17-31). The ALJ's February 18, 2005 decision became the final decision of the Commissioner on May 6, 2005 when Appeals Council denied plaintiff's Request for Review of the ALJ's decision. (Tr. 8-10). This action followed.

It is uncontested that the ALJ followed the five step sequential evaluation process set forth in 20 CFR § 416.920. The

---

[1] Page citations are to the Administrative Record filed by the Commissioner.

ALJ satisfied Step 1 by finding that the plaintiff did not perform substantial gainful activity during the relevant period which is March 9, 2001, the date of plaintiff's SSI application to February 18, 2005, the date of his decision. (Tr. 30). As to Step 2, the ALJ found the plaintiff had several "severe" impairments, namely degenerative changes of the lumbar spine with small disc bulging and a right-sided herniated disc with S1 nerve root involvement which caused low back pain. (Tr. 30). She described her back pain as constant and excruciating with its severity at a 7 or 6 on a scale of 1 to 10. (Tr. 601). At her first hearing, the plaintiff described her pain as an 8 or an 8 ½ out of 10. (Tr. 577). She also testified that she was taking various prescribed pain medications and muscle relaxants. (Tr. 575).

At Step 3, the ALJ found the plaintiff's impairments did not meet or equal those contained in the listings. (Tr. 30). It was clear from the record that the ALJ questioned the plaintiff's credibility in describing the severity of her injury and her resulting limitations from those injuries. "Her allegations are not found entirely credible as to the disabling nature of her impairments or supported by objective medical evidence." As to Step 4, the ALJ found that the plaintiff retained the residual functional capacity to perform sedentary work. (Tr. 30). "The Administrative Law Judge notes that there are no treating physician

opinion of disability in the 38-pages of progress notes for the period at issue, beyond the claimant's own allegations of pain. The evidence submitted post-hearing (Exhibits 26F-31F), over 90 pages of reports, as with the earlier evidence accumulated in this case, contains no opinions by any <u>treating</u> physicians as to disability or functional capacity.…The only logical interpretation of the additional evidence submitted in this case is as further proof the claimant is not totally disabled from any and all work activity." (Tr. 27-28). At Step 5, the ALJ determined that plaintiff could perform other work of a sedentary nature that existed in significant numbers in the national economy. (Tr. 30-31). "The Administrative Law Judge finds the claimant's subjective, self-reported limitations not credible, as they are unsupported by the medical record and no treating source reports her to be disabled." (Tr. 29). Thus, the ALJ concluded that the plaintiff was not disabled. (Tr. 31).

In her motion for reversal and remand of the case, the Commissioner conceded that the ALJ, in reaching his conclusion, did not correctly apply the law and regulations regarding evaluating medical opinion evidence. "Specifically, the ALJ did not properly evaluate the opinions of plaintiff's treating physicians." (Commissioner's Memorandum of Law, page 5).

The Commissioner acknowledged that the record contained a report signed by Dr. William Cotanch, plaintiff's treating

physician, who opined that plaintiff was "very limited" in walking, standing, sitting, carrying, pushing, pulling, bending, and climbing. (Tr. 363-64). Dr. Cotanch also stated that plaintiff was totally disabled. (Tr. 364). Also, the record contains the report with the stamped signature of Dr. Rafael Cruz, plaintiff's other treating physician, who also claimed that plaintiff was "very limited" in her ability to perform most of these functions. (Tr. 353-54). The ALJ rejected Dr. Cotanch's opinion on the basis that his signature on his opinion did not match his signature elsewhere in the report. (Tr. 24, 28, 325, 327). He also rejected Dr. Cruz' opinion on the basis that the report contained only Dr. Cruz' stamp and not his signature. (Tr. 28). In doing so, the ALJ failed to evaluate the factors outlined in 20 CFR § 416.927(d).

Prior to rejecting the opinions of the plaintiff's treating physicians, the ALJ failed to re-contact them to obtain additional information or clarification concerning their signatures and their opinions as is required by 20 CFR § 416.912(e)(1) (the adjudicator will seek additional evidence or clarification where the report contains a conflict or ambiguity); Clark v. Commissioner of Social Security, 143 F.3d 115, 118 (2d Cir. 1998) (In furtherance of his duty to develop the record, an ALJ should have sought out clarifying information about perceived inconsistencies between a physician's reports). That requirement was particularly applicable here since Dr. Cotanch, Resto's treating neurosurgeon's report

stated she was "totally disabled." (T. 364). "However, as noted hereinafter, the authorship of this [Exhibit 23F] is in doubt." (T. 24).

Therefore, I conclude that the case should be remanded to the ALJ for further proceedings on the question of plaintiff's claimed disability. The determination of the Secretary will not be upheld when evidence has not been properly evaluated due to an "erroneous view of the law." Marcus v. Claifano, 615 F.2d 23, 27 (2d Cir. 1979); See Cutler v. Weinberger, 516 F.2d 1282, 1285-6 (2d Cr. 1975). Parker v. Harris, 626 F.2d 225, 235 (award of benefits only appropriate when the "record provides persuasive proof of disability and remand for further evidentiary proceedings would serve no purpose).

The ALJ noted that Dr. Sirotenko, the consultive examiner who evaluated plaintiff at the Commissioner's request opined that the plaintiff was able to do sedentary work. (Tr. 28); (Tr. 280-84). Dr. Sirotenko also noted that the plaintiff's neurological examination was within normal limits. (Tr. 283). Thus, the question is presented whether or not the evidence conclusively establishes plaintiff's disability. Other medical evidence in the record indicates that the plaintiff's back condition was relatively mild which tends to support the ALJ's finding that she could do sedentary work. During a March 1, 2001 examination, Dr. Cotanch, a neurologist, found that the plaintiff could stand on her heels

and toes, had no sensory or motor deficits, and no atrophy or fasciculations, and had intact reflexes. (Tr. 274). However, he also stated the plaintiff was not a good candidate for surgery but instead recommended epidermal injections. (Tr. 274).

The record also contains assessments from Dr. Cotanch and Dr. Cruz both indicating that plaintiff is "very limited" but neither physician specified what "very limited" means. (Tr. 354, 365). Neither explained whether "very limited" meant unable to perform any sedentary work and, therefore, on the state of this record at least, a finding of disability could not reasonably be based upon their reports.[2]

Therefore, re-contacting the treating physicians would also be helpful in resolving the issue of authorship of their reports. The fact that the ALJ concluded that Dr. Cotanch's signature does not match the signature on his other reports does not necessarily mean that it is a fabricated or unreliable opinion. Also, Dr. Cruz' signature does not appear on the form that contains his stamp but the initials of James Sutton, a physician's assistant, appears on

---

[2] It is important to note that the Vocational Expert had his doubts also. In developing the testimony of the Vocational Expert, Peter Manzi, the ALJ asked, hypothetically "…Given that array of impairment, in your opinion, do you believe that there's any work that a person who has similar impairments could actually do?" Manzi answered, "It borderlines, I mean, according to the parameters you've given me, sedentary work could be doable, however, the fact that she needs help even basic ADLs and essential ones, and also her level of pain, I think that would probably make it very difficult for her to sustain an eight hour day, five days a week." (T. 610)

the form instead.  (Tr. 353).  A remand will give the ALJ the opportunity to re-contact the physicians for clarification as to their opinions, but to deny their admissibility for the reasons stated in his decision, was error.

Therefore, the state of this record does not contain substantial evidence to support the ALJ's finding of disability nor does it contain sufficient evidence to warrant a remand for re-calculation of benefits because issues remain concerning the level of her limitations and the level of her treatment for her back ailments and her alleged depression.  All of this needs to be revisited by the ALJ on remand.

## CONCLUSION

For the above stated reasons, the ALJ's decision denying plaintiff's claim of disability dated February 13, 2005 is reversed and remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

ALL OF THE ABOVE IS SO ORDERED.

                                                S/Michael A. Telesca
                                     _____
                                        Michael A. Telesca
                                  United States District Judge

DATED: August 7, 2006
       Rochester, New York